IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-00048-11-CR-DGK |
| ) | |
| KYEIR C. THEUS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Kyeir C. Theus' Motion to Sever. (Doc. 486) For the reasons set forth below, Defendant Theus' motion is denied.

### I. BACKGROUND

A Superseding Indictment was returned on January 26, 2023, against Defendant and twenty-eight co-defendants across 112 counts. (Doc. 402) Defendant Theus was charged with Count One, conspiracy to distribute 280 grams or more of cocaine base, any amount of fentanyl and cocaine, and less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)–(D), and 846; Count Five, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Twenty-Seven, use of a communication facility to facilitate a drug distribution conspiracy, in violation of 21 U.S.C. § 843(b); and a Forfeiture Allegation. (Doc. 402) A joint jury trial on the Superseding Indictment was subsequently continued to July 8, 2024, over Defendant's objection. (Doc. 479) Defendant filed the present Motion to Sever (Doc. 486), and the Government filed its response (Doc. 493). Defendant did not file a reply.

1

## II. PARTIES' ARGUMENTS

Defendant argues severance is necessary because he is improperly joined with his co-conspirators as he does not know most of his co-defendants and has had only minimal contact with others. (Doc. 486) Furthermore, Defendant contends that he will suffer prejudice if he remains joined with his co-conspirators for trial because he is detained, and trial was continued to 2024 over his objection. (Doc. 486) The Government argues that Defendant and his charged co-defendants were properly joined on all counts, and Defendant cannot demonstrate the "severe or compelling" prejudice necessary to warrant severance. (Doc. 493)

## III. DISCUSSION

"Whether to grant a motion to sever is left to the discretion of the trial court." *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (internal citation and quotation marks omitted). The Eighth Circuit has held that "[w]hen a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995).

"The objective of both rules is to balance the prejudice inherent in joint trials against interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989). Joint trials "give[] the jury the best perspective on all of the evidence and therefore increase the likelihood of a just outcome." *United States v. Henley*, 766 F.3d 893, 915 (8th Cir. 2014) (internal citation omitted). Joint trials also "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States. v. Lane,* 474 U.S. 438, 449 (1986).

### A. Joinder

Defendant's assertion of misjoinder will be analyzed under Rule 8(b), not 8(a), because the Superseding Indictment joins multiple defendants and offenses. *Jones*, 880 F.2d at 60-61. The Eighth Circuit has recognized that "this is significant because the language of 8(a) does not allow joinder on the same basis as 8(b)." *Id*. Under Rule 8(b), multiple defendants are properly joined if they are alleged to be part of "the same series of acts or transactions, constituting an offense or offenses." *Id*. Generally, the "same series of acts or transactions" means "acts or transactions that are pursuant to a common plan or common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (quoting *Jones*, 880 F.2d at 61).

Courts determine whether joinder is proper from the face of the indictment, accepting as true the factual allegations in the indictment. *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018). The Eighth Circuit has held that "when the indictment invites joint proof ... prima facie validity of joinder is shown." *United States v. Rimell*, 21 F.3d 281, 289 (8th Cir. 1994) (internal citations and quotation marks omitted). Rule 8(b) "is to be liberally construed in favor of joinder." *Jones*, 880 F.2d at 62 (internal citations and quotation marks omitted). In general, "'persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (internal quotation marks omitted). It will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators. *United States v. Sherman*, No. 22-2044, 2023 WL 5600295, at *2 (8th Cir. Aug. 30, 2023).

Defendant's assertion of improper joinder--that he does not know most of his co-defendants and has only minimal contact with others--does not meet the requisite standard. Rule

3

8(b) permits the joinder of defendants in a single indictment where it is alleged, as it is here, that the defendants participated in the same series of criminal acts or transactions constituting the offenses charged. *United States v. Donnell*, 596 F.3d 913, 922–23 (8th Cir. 2010). Defendants charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried jointly. *Id.* Joinder is proper even though certain conspirators only engaged in a limited number of acts of the conspiracy. *Id.* Once the government establishes the existence of a drug conspiracy, only slight evidence linking the defendant to the conspiracy is required to prove the defendant's involvement and support the conviction. *United States v. Jenkins*, 78 F.3d 1283, 1287 (8th Cir. 1996). Where the indictment demonstrates… offenses all occurring within the defined period alleged in the conspiracy count and that the defendants were aiders and abettors…a "clear discernible pattern of action" involving the defendant and his accomplices in the "same series of transactions" could be implied, so that joinder of defendant and his accomplices is within discretion of the trial court and is not prejudicial per se. *Haggard v. United States*, 369 F.2d 968, 974 (8th Cir. 1966).

While the Government outlines evidence it anticipates using to support the Defendant's role in the conspiracy, the Court's review is limited to the face of the Superseding Indictment. Here, Count One charges that between January 28, 2019, and July 21, 2022, Defendant Theus was engaged in a drug distribution conspiracy with numerous co-defendants and others. (Doc. 402) Count Five against Defendant Theus--the FIP charge dated October 24, 2020--is alleged to have occurred within the specified timeframe of the conspiracy outlined in Count One. *Donnell*, 596 F.3d at 913. Notably, a firearm is a recognized tool of the trade for drug dealers. *Id.* Other co-defendants also confront analogous FIP charges, all of which stem from events falling within

4

the timespan of the alleged conspiracy: Defendant Deone Gardner, Count Four (felon in possession of ammunition), July 29, 2019; Defendant Hicks-Berry, Count Forty-Eight, December 17, 2021, and Count One Hundred and Four, March 9, 2022; Defendant Walker, Count Eighty-Nine, March 8, 2022; Defendant Mercedez Gardner, Count Ninety-Six, March 9, 2022; and Defendant Hatcher, Count One Hundred, March 9, 2022.

Finally, Count Twenty-Seven against Defendant Theus--pertaining to the alleged use of a communication facility to facilitate a drug distribution conspiracy on November 21, 2021--transpired within the specified timeframe outlined in Count One, and cell phones are a tool routinely utilized by those involved in drug crimes. *See Payton*, 636 F.3d at 1042. Additionally, on the exact same date of November 21, 2021, co-defendant Rogers in Count Twenty-Six, and co-defendant Burns in Count Twenty-Eight, are also alleged to have utilized a communication facility to facilitate a drug distribution conspiracy. (Doc. 402) Indeed, numerous co-defendants confront communication facility charges, all which stem from events falling within the timeframe of the alleged conspiracy. *See, e.g.*, Counts 19, 23−26, 28-30, 32, 35, 37−45, 51−55, 60, 63−75, and 77−87.

For all these reasons, the Court finds that joinder of Defendant with his co-defendants is proper under Fed. R. Crim. P. 8(b). Defendant's motion is denied on this ground.

### B. Severance

Once the Rule 8 requirements for joinder are met by the allegations in the indictment, the issue of severance is governed by Rule 14. Rule 14(a) provides that

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

5

"The risk of prejudice will vary with the facts in each case… ." *Zafiro v. United Sates*, 506 U.S. 534, 539 (1993). There is a strong presumption against severing properly joined cases. *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

For this Court to permit severance under Rule 14, Defendant must "affirmatively demonstrate that [a] joint trial [would prejudice] his right to a fair trial" by establishing that he will suffer "real prejudice." *United States v. Payton*, 636 F.3d 1027, 1037 (8th Cir. 2011). He may satisfy the "real prejudice" standard by showing that his defenses are "irreconcilable with the defense[s] of his codefendant[s] or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *Id.* He "carries a heavy burden in making his showing." *Id.* He is decidedly "not entitled to severance merely because [he] may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540.

Here, Defendant Theus argues that that joinder with his co-defendants for a trial in July 2024 prejudices him because he is detained pending that trial. (Doc. 486) It is well settled that, barring special circumstances, defendants who are indicted together should be tried together. *Zafiro,* 506 U.S. at 537. This presumption is only negated by "a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. Defendant does not argue that a joint trial will deprive him of specific trial rights or that a jury will be prevented from reliably judging his guilt or innocence. *See Id*. Rather, Defendant takes issue with the fact that a continuance will subject him to an additional period of pretrial detention. (Doc. 486) Detention itself does not warrant severance. *See Id*.

6

Moreover, Defendant's primary protection against the alleged prejudice is the Speedy Trial Act, which requires trial to commence within seventy days of the arraignment of the last co-defendant. 18 U.S.C. § 3161. However, any period of delay based on a court finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excluded from the seventy-day timeline. 18 U.S.C. § 3161(h)(7)(A). In granting a continuance in its Order on March 23, 2023, the Court explicitly found "that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial." (Doc 479) Defendant's argument has already been considered and ruled on by the Court, and the Court's position remains unchanged.

For these reasons, Defendant Theus' argument that he should be severed from his co-defendants due to prejudice under Rule 14 fails. Defendant Theus has not demonstrated that he will suffer real prejudice from a joint trial and, as such, the Court finds that separate trials of Defendant and his co-defendants are not warranted under Rule 14.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, it is

**ORDERED** that Defendant Theus' Motion to Sever (Doc. 486) is denied.

          /s/ *Jill A. Morris*
          JILL A. MORRIS
          UNITED STATES MAGISTRATE JUDGE